UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

May 27, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Lori S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2034-BAH

Dear Counsel:

On August 11, 2021, Plaintiff Lori S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for disability insurance benefits. ECF 1. I have considered the record in this case and the parties' cross-motions for summary judgment. ECF 9, 12, 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I.    BACKGROUND

Plaintiff filed a Title II application claim for a period of disability and disability insurance benefits ("DIB") on February 1, 2019, alleging a disability onset of July 16, 2018. Tr. 178–84. Plaintiff's claim was denied initially and on reconsideration. Tr. 85–88, 90–95. On February 2, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 32–59. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13–31. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "anxiety disorder and depressive disorder," Tr. 18, because the ALJ determined that Plaintiff's "signs and symptoms associated with her impairments have more than minimally affected her ability to perform basic work activities." Tr. 19 (citing Social Security Ruling ("SSR") 86-8, 1986 WL 68636 (Jan. 1, 1986)).[1] Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

---

[1] The ALJ noted that "[t]he impairments, and the extent to which they limit the claimant's functioning, are discussed in more detail under Finding 5." Tr. 19. "Finding 5" appears to refer to the ALJ's residual functional capacity assessment. Tr. 21.

*Lori S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2034-BAH
May 27, 2022
Page 2

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she cannot work with the public and can tolerate occasional contact with coworkers. She can tolerate a low-stress work environment with occasional decisionmaking and occasional changes in the work setting. She cannot perform production-rate or pace work such as on an assembly line or with high production quotas. She would require reminders of tasks one time per day.

Tr. 21. The ALJ adopted the vocational expert's ("VE's") testimony in determining that Plaintiff was unable to perform past relevant work as a buyer (Dictionary of Occupational Titles ("DOT") number 162.157-018) but could perform other jobs that existed in significant numbers in the national economy. Tr. 25–26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

## II. ANALYSIS

Plaintiff raises one main argument on appeal: that the ALJ erroneously assessed Plaintiff's RFC. Pl.'s Br. 3–12, ECF 12-1. More specifically, Plaintiff argues that the ALJ failed to properly perform the RFC assessment in five ways:

> (1) by failing to "set forth any explanation as to how she determined that an individual with moderate limitations in concentration, persistence or pace would be capable of maintaining concentration, attention, and pace for 80 to 85 percent of the workday," *id.* at 5;

> (2) by failing to identify the evidence used to support the determination that Plaintiff required reminders of tasks one time per day, *id.* at 7;

> (3) by failing to include any limitation on concentration or persistence in her RFC, instead limiting Plaintiff to a "low stress environment with occasional decision making and occasional changes in the work setting," *id.* at 8–9;

> (4) by mischaracterizing the evidence pertaining to Plaintiff's limitations in interacting with others, how Plaintiff's anxiety impacted her departure from her previous employment, and how Plaintiff's anxiety impacted her ability to attend work at the workplace, *id.* at 9–12; and

> (5) by failing to include any limitation related to interaction with supervisors in the ALJ's RFC assessment and the hypothetical questions posed to the VE, *id.* at 12.

In sum, Plaintiff argues that the ALJ failed to properly address Plaintiff's mental impairments and mischaracterized the evidence, such that Plaintiff's RFC assessment is not supported by substantial evidence and is erroneous as a matter of law. *Id.* at 12. Defendant generally counters that the Commissioner followed the applicable rules, that substantial evidence supports the final decision before the Court, Def.'s Br. 4–11, ECF 13-1. The Court considers the arguments below.

*Lori S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2034-BAH
May 27, 2022
Page 3

The Court considers Plaintiff's first challenge to the ALJ's RFC assessment: that the ALJ failed to explain "what records supported her finding that the Plaintiff possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday, with no more than a 15 to 20 percent loss of productivity, despite [Plaintiff's] moderate limitations in concentration, persistence, or pace." Pl. Br. 6, ECF 12-1.

Defendant responds that Plaintiff "points to the VE's testimony that if any individual was off task for 15 to 20 percent of the workday or more then work would be precluded, but does not identify any medical evidence in the record that supports the limitation." Def.'s Br. 5, ECF 13-1 (citing Pl.'s Br. 5, ECF 12-1). Furthermore, Defendant notes that the ALJ did not even include such a limitation in the RFC and that the ALJ "is not required to accept the VE's opinion for a hypothetical based on limitations the ALJ did not include." *Id.* (quoting *Justin L. v. Kijakazi*, 2022 WL 669367, at *3 (D. Md. Mar. 7, 2022); *Brian S. v. Saul*, 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021)).

Defendant is correct that the ALJ did not include a limitation related to being off task for 15 to 20 percent of the workday in the RFC. At the hearing, Plaintiff's counsel asked the VE if they had "an opinion as to [e]mployer tolerance as per time off task before an employee would be terminated," to which the VE answered, "I'd say that if one is off task 15 to 20%, then the work would be precluded." Tr. 58. However, the ALJ's decision does not adopt this portion of the VE's testimony. Thus, Plaintiff's first argument fails since an ALJ is not required to explain a finding the ALJ did not make.

The Court next considers Plaintiff's second and third arguments. These arguments rely on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) and essentially allege that the ALJ failed to support how the RFC adequately accounts for Plaintiff's moderate limitation in concentration, persistence or pace. In *Mascio*, the court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Specifically, the *Mascio* court found that the ALJ failed to account for a relevant factor, namely the claimant's mental limitations, in the hypothetical posed to the VE. *Id.* at 637–38. Furthermore, the *Mascio* court affirmed that an ALJ "does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.*

Unlike *Mascio*, however, the ALJ here *did* account for Plaintiff's limitations in concentration, persistence or pace in the hypotheticals posed to the VE at the hearing. *See* Tr. 56–57. The ALJ's first hypothetical mirrors the RFC in the decision but excludes mention of the production rate or pace or the reminders of tasks, which the VE opined would preclude Plaintiff's past work. Tr. 56. Then, the ALJ asked if there are other jobs that a person with the same limitations in the first hypothetical could perform on a sustained basis, to which the VE responded

*Lori S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2034-BAH
May 27, 2022
Page 4

affirmatively, and provided the three representative occupations of "stock clerk," "inspector," and "packer." Tr. 56–57. Next, in the second hypothetical, the ALJ added the limitation of "no production rate or pace work. That is no assembly line or high production quota and would need reminders of tasks one time per day." Tr. 57. These restrictions directly address limitations in the ability to "stay on task." *Mascio*, 780 F. 3d at 638. The VE confirmed that with this addition, the same three jobs would still be applicable to Plaintiff. Tr. 57.

Also, at step three of the evaluation process, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the criteria of listings. Tr. 19. Nevertheless, the ALJ found, in relevant part, that Plaintiff has a moderate limitation in concentrating, persisting or maintaining pace. Tr. 20. The ALJ supported the moderate limitation finding as follows:

> The claimant alleges experiencing difficulties in concentration and completing tasks. However, the claimant generally has not complained to treatment providers of serious difficulties maintaining concentration, persistence, and pace and medical sources have not observed that the claimant was overly distractable. During the consultative psychiatric examination in December 2019, the claimant scored three out of three on concentration testing and was able to spell a five-letter work forwards and backwards without difficulty (2F/3). In daily life, the claimant retains the concentration and cognition to drive a motor vehicle, count change, and watch television (7E/6 & 13E/5, 8).

Tr. 20. Further, at the RFC step of the evaluation process, the ALJ acknowledged that Plaintiff reported "unstable concentration and memory" during the consultative psychiatric examination in December 2019. Tr. 22. The ALJ also noted that in January 2020, providers reported that "while the claimant continued to struggle with starting tasks due to low motivation, once initiated, she was able to successfully complete tasks and activities . . ." Tr. 22 (citing Tr. 370). The ALJ concluded that,

> The record supports occasional distractedness and some difficulty motivating to initiate tasks; however, treatment notes illustrate improvement in these symptoms over time as well as no interference with the claimant's ability to complete tasks. Given symptoms of low-motivations for tasks and anxiety, caused by stress, somewhat interfering with the claimant's ability to withstand distractions, the undersigned finds that the claimant would function best in a low stress environment with no requirements to meet production quotas and a possible need to remind the claimant of tasks.

Tr. 24. Put another way, the ALJ found that Plaintiff would need, *inter alia*, a daily reminder of tasks while working in a low stress environment to accommodate her moderate limitation in concentration, persistence or pace. Tr. 24.

Again, here, unlike in *Mascio*, the ALJ provided ample reference to the record to support the RFC determination with substantial evidence. This case is similar to *Shinaberry v. Saul*, in

Case 1:21-cv-02034-BAH   Document 14   Filed 05/27/22   Page 5 of 6

*Lori S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2034-BAH
May 27, 2022
Page 5

which the Fourth Circuit explained that the ALJ, "unlike in *Mascio*, addressed [the plaintiff's] lifelong, borderline intellectual disability, including her moderate limitations in concentration, persistence or pace." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020)). "The ALJ explained why the psychological evidence and [the plaintiff's] statements support a mental limitation to simple, routine, and repetitive tasks" and "included the mental limitation in the hypothetical question posed to the [VE]." *Id.* Like in *Shinaberry*, the ALJ here offered non-exertional limitations in the RFC to address Plaintiff's moderate limitations in interacting with others and in concentration, persistence or pace. Therefore, the Court finds that the ALJ supported the RFC determination with substantial evidence and remand is not warranted on this basis.

Plaintiff's fourth argument alleges that the ALJ mischaracterized the evidence relating to Plaintiff's moderate limitation interacting with others and how Plaintiff's anxiety affected her capability to work. Pl.'s Br. 9–12, ECF 12-1. The Court agrees with Defendant's contention that Plaintiff's argument "appears to be a request that this court reweigh the evidence because she is dissatisfied with the ALJ's conclusion." Def.'s Br. 9, ECF 13-1. Plaintiff points to several examples of their testimony meant to show that Plaintiff has not made as much progress on their interactions with others as the ALJ seems to believe. *See* Pl.'s Br. 9–12, ECF 12-1. However, as Defendant points out, "[w]hile [Plaintiff] understandably disagrees with the ALJ's resolution of this conflict in the evidence, that does not establish that the ALJ erred." Def.'s Br. 9, ECF 13-1 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal citation omitted) ("Ultimately, it is the duty of the [ALJ] review a case, not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). As such, Plaintiff's fourth argument also fails.

Plaintiff's last argument alleges that the ALJ failed to include "any limitation related to interaction with supervisors in the ALJ's RFC assessment and the hypothetical questions posed to the VE." Pl.'s Br. 12, ECF 12-1. While Plaintiff is correct that no hypothetical question specifically included reference to Plaintiff's supervisors, the overall effect is negligible. Further, Plaintiff offers no case law to support how this omission would weaken the RFC determination, which accounted for occasional interaction with coworkers.

This case is similar another case in this district that found such an omission reasonable. *See Thompson v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-0944, 2013 WL 1125223, at *3 (D. Md. Mar. 18, 2013) (finding that the ALJ's intended limitation of "only occasional" interaction with supervisors in the RFC analysis was meant to narrow the range of unskilled work that [the plaintiff] could perform and that the ALJ properly used the testimony of the VE to ensure that the jobs considered involved only the amount of interaction appropriate under the plaintiff's RFC).

Furthermore, the Court finds Defendant's rebuttal that "any alleged error is harmless where each of the jobs identified by the VE, and in the ALJ's decision, indicate that dealing with people is "not significant." Def.'s Br. 10, ECF 13-1 (citing *Colunga v. Kijakazi*, 2021 WL 5986791, at *2 (9th Cir. Dec. 17, 2021) (finding harmless error where the ALJ failed to include a specific limitation on interaction with supervisors, and each identified job listed "taking instructions—heling" as "not significant" and "talking" as "not present")). Therefore, Plaintiff's final argument also fails to persuade the Court to remand this case.

*Lori S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2034-BAH
May 27, 2022
Page 6

### III.    CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 12, is DENIED, and Defendant's Motion for Summary Judgment, ECF 13, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge